UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. –

GEORGE ALAKPA,

          Defendant.

18 Mag. 900 (MRG) (VB)

# MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA IN RESPONSE TO DEFENDANT GEORGE ALAKPA'S APPEAL OF A SENTENCE IMPOSED BY A MAGISTRATE JUDGE

AUDREY STRAUSS
Acting United States Attorney
Southern District of New York
300 Quarropas Street
New York, New York 10601

Captain Julia McCormick
Special Assistant United States Attorney
    *Of Counsel*

**Table of Contents**

| | | |
|---|---|---|
| I. | Preliminary Statement | 3 |
| II. | Background | 3 |
| III. | Argument | 5 |
| | A. Applicable Law | 6 |
| | B. Discussion | 7 |
| IV. | Conclusion | 9 |

## I.   Preliminary Statement

The Government submits this brief in response to defendant George Alakpa's appeal of the sentence imposed by the Honorable Martin R. Goldberg, United States Magistrate Judge, following Alakpa's plea to a disorderly conduct violation. In particular, Alakpa argues that Judge Goldberg exceeded his authority when he *permanently* banned Alakpa from (1) entering any United States Department of Veterans Affairs ("VA") facilities in New York State; and (2) maintaining, owning, or possessing any type of weapon. Alakpa is correct, as Judge Goldberg sentenced Alakpa to a conditional discharge and, as such, he could not impose any conditions on Alakpa beyond the term of that conditional discharge. Because Alakpa successfully completed his term of conditional discharge, this Court should modify Alakpa's judgment to eliminate any remaining sentence. Because Alakpa has completed the term of his conditional discharge, moreover, and this Court should clarify that Alakpa is no longer subject to Judge Goldberg's sentence, any of the other questions Alakpa raises are moot.

## II.   Background

Alakpa was a veteran who had previously worked at the Castle Point VA Hospital, in Wappinger Falls, New York (the "VA Castle Point"). (Complaint ¶ 2).[1] On more than one occasion, he vented his frustration with the VA, discussing his plans to "shoot up the place." (Complaint ¶¶ 2–3). On November 23, 2018, he drove to the VA

---

[1] The Complaint is Docket Entry 1.

Castle Point, carrying a stun gun. (Complaint ¶ 5–6). He was charged in a complaint with misdemeanor unlawful possession of a weapon, in violation of N.Y. PENAL LAW § 265.01(1).[2] (Complaint).

On August 5, 2019, the parties appeared before Judge Goldberg and presented a plea offer: Alakpa would:

> plead guilty to one count of disorderly conduct [in violation of N.Y. PENAL LAW § 240.20] with an agreement to a $500 fine, 50 hours of community service, and agreement not to purchase or possess weapons in the State of New York … [and] he would not go to the [VA] Montrose [New York] … facility for any purpose.

(Tr. 2–3).[3] While Alakpa ultimately agreed to plead guilty (Tr. 13), Judge Goldberg's sentence went beyond the terms to which the parties had agreed:

> It will be the judgment and the sentence of the Court as follows: that you'll be sentenced to what is known as a conditional discharge. The terms and condition of the discharge is the term will be for a period of six months. The conditions will be that you complete 50 hours of community service, and you provide to the Court and to the Government through your attorney proof that you've attended and successfully completed those 50 hours. That you be permanently banned from all Veterans Administration facilities in the State of New York consisting of Montrose[,] Castle Point[,] and any and all other off-campus or on-campus veterans facilities. That you be fined $100 … and I'll give you until September 25th to pay that $100 fine. If it's not paid by that date, I want you back here on the 26th of September. Hang on a minute. I'm not done.
>
> That you currently will be banned from maintaining, owning, possessing any type of weapon and that you refrain from going to the State of New

---

[2] VA Castle Point is within the special maritime and territorial jurisdiction of the United States, see Complaint at 1 and 18 U.S.C. § 7, and, therefore, Alakpa was subject to federal prosecution for violation of New York State laws, see 18 U.S.C. § 13(a).

[3] "Tr." refers to the transcript of the August 5, 2019, plea and sentencing in this matter, and is attached to the declaration of Michael H. Sussman (Docket Entry 19) as Exhibit 15.

> Jersey where your license—where your weapons have been surrendered to until further order of this Court. That you are to continue in and if you're not in, that you are to enroll in counseling and to provide to the Government and to the Court through your attorney progress report as to your continuation in that counseling.

(Tr. 14–15).

On January 24, 2020, the parties appeared before Judge Goldberg and reported that Alakpa had complied with the terms of his conditional discharge. (Docket Entry 13).[4] Accordingly, on February 10, 2020—just over six months after imposition of conditional discharge—Judge Goldberg executed the judgment. (Docket Entry 14).

## III.   Argument

Alakpa timely appealed his sentence. (Docket Entry 16). On appeal, Alakpa argues that the permanent prohibitions from entering any VA facility in New York or from possessing any type of weapon "are unjustified based upon the plea taken." (Br. 1).[5]

To the extent that Judge Goldberg's sentence can be read as, in fact, continuing those prohibitions beyond the term of conditional discharge, it is an illegal sentence. Therefore, this Court need not reach the substantive questions raised by Alakpa, as it can simply direct that, as Alakpa completed his term of conditional discharge, Alakpa is no longer subject to the prohibitions that Judge Goldberg imposed.

---

[4] The documents erroneously refer to an "ACD," which is an adjournment in contemplation of dismissal. Judge Goldberg actually sentenced Alakpa to conditional discharge. (Tr. 14).

[5] "Br." refers to Alakpa's brief on appeal, which is Docket Entry 18.

### A.   Applicable Law

Under New York State law, a court "may impose a sentence of conditional discharge for an offense if the court, having regard to the nature and circumstances of the offense and to the history, character and condition of the defendant, is of the opinion that neither the public interest nor the ends of justice would be served by a sentence of imprisonment and that probation supervision is not appropriate." N.Y. PENAL LAW § 65.05(1). The period of conditional discharge may not exceed one year where imposed in conjunction with a violation, as it was here. N.Y. PENAL LAW § 65.05(3)(b).[6] "In imposing a sentence of conditional discharge, a court may subject a defendant to reasonable conditions for the period of conditional discharge." *People v. Pabon*, 500 N.Y.2d 132 (1st Dep't 1986). Those conditions contain teeth: "if the defendant commits an additional offense or violates a condition, revoke the sentence at any time prior to the expiration or termination of the period of conditional discharge." N.Y. PENAL LAW § 65.05(2). However, those conditions may not "exceed[] the statutory maximum" of the period of conditional discharge. *Id.* at 133; *see also, e.g., People v. Stuart*, 525 N.Y.2d 708, 709 (2d Dep't 1988) ("Penal Law § 65.05(2) provides that the court may direct that the defendant comply with certain conditions *during the period of conditional discharge.* (emphasis in original)); *cf. Vega v. Schneiderman*, No. 12 Civ. 6994 (PGG) (KNF), 2014 WL 1100208, at *5 (S.D.N.Y. Feb. 24, 2014) (Magistrate

---

[6] The statute directs that the period of conditional discharge be one year in such a case. N.Y. PENAL LAW § 65.05(3)(b). However, it also permits that period to be "terminated sooner in accordance with the criminal procedure law." N.Y. PENAL LAW § 65.05(3).

Judge's recommendation that a habeas petitioner be deemed not to be "in custody," in spite of purported pendency of two-year order of protection, because that order of protection exceeded the one-year maximum period of conditional discharge, and "the sentence imposed on Vega for her conviction expired.").

### B. Discussion

The analysis is simple. Judge Goldberg imposed a sentence of conditional discharge for six months; as such, he was permitted to "direct that [Alakpa] comply with certain conditions *during the period of conditional discharge.*" *Stuart*, 525 N.Y.2d at 709 (emphasis in original). Even assuming, *arguendo*, that the prohibitions on Alakpa's possession of weapons or entry into VA facilities in New York State constituted "reasonable conditions for the period of conditional discharge," *Pabon*, 500 N.Y.2d at 132,[7] there is no question that those prohibitions can no longer bind Alakpa, who successfully completed his term of conditional discharge. The appropriate remedy is to "modify accordingly" the terms of conditional discharge so that they expired at the conclusion of Alakpa's term of conditional discharge. *Id.* at 133 (modifying condition purporting to apply for the remainder of the defendant's life to conform to the one-year maximum period of conditional discharge). This also makes good sense, as, pursuant

---

[7] It is unclear exactly what aspects of the two prohibitions Alakpa argues constituted an abuse of Judge Goldberg's discretion: the permanence or the breadth. (Br. 7–10). The relief Alakpa seeks is to "limit the restriction of gun possession to the State of New York and on treatment at a VA facility to those located in Hudson Valley." (Br. 11). Because the Government agrees that, Alakpa having successfully completed his period of conditional discharge, neither restriction is appropriate *at all*, this Court need not determine the contours of Alakpa's arguments.

to the text of the conditional discharge statute, Judge Goldberg would be without power to enforce the restrictions now, as such power exists only "prior to the expiration or termination of the period of conditional discharge." N.Y. PENAL LAW § 65.05(2).[8] To the extent that Alakpa challenges any other aspect of his sentence, the termination of his period of conditional discharge—and the modification of his sentence to reflect this termination—renders any other such challenge moot. *See*, *e.g.*, *Robinson v. New York*, 550 F. App'x 63, 64 (2d Cir. 2014) ("Because Robinson seeks only injunctive and declaratory relief regarding the conditions imposed on his now-terminated term of supervised release, his action is moot.").

Accordingly, the Government respectfully suggests that the Court enter an order clarifying Judge Goldberg's sentence by limiting the time period of the conditions imposed to the period of conditional discharge, *i.e.*, from August 5, 2019 (the date of imposition of sentence), through February 4, 2020 (six months after the date of imposition of sentence, which was the termination of the period of conditional discharge).

---

[8] This does not free Alakpa to do as he wishes. Just like anyone else, he must, of course, continue to abide by all local, state, and federal laws, including those regarding possession or ownership of weapons, or risk a new prosecution for new violations of law. And the VA—which may limit, curtail, or otherwise restrict the access of veterans to certain facilities—has determined that Alakpa may not enter or otherwise access VA Castle Hill or the VA facility in Montrose New York; violation of that policy may subject Alakpa to arrest and/or removal from the premises. *See* 38 C.F.R. § 1.218.

## IV. Conclusion

This Court should modify Alakpa's judgment of conviction to make clear that the conditions imposed were imposed only for the period of conditional discharge, and ceased to bind Alakpa following February 4, 2020.

                                        Respectfully submitted,

                                        AUDREY STRAUSS
                                        Acting United States Attorney for the
                                        Southern District of New York

By:        _____
                                        Captain Julia McCormick
                                        Special Assistant United States Attorney
                                        (845) 938-6381
                                        Julia.mccormick@westpoint.edu