UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA              :
          :
v.                                     :       **OPINION AND ORDER**
          :
GEORGE E. ALAKPA,            :       19 MJ 900 (MRG) (VB)
                  Defendant.     :
--------------------------------------------------------------x

Briccetti, J.:

Pursuant to 18 U.S.C. § 3402 and Fed. R. Crim. P. 58(g)(2), defendant George E. Alakpa

appeals from a Judgment of conviction issued by the Honorable Martin R. Goldberg, United

States Magistrate Judge, dated February 10, 2020 (Doc. #14), insofar as it permanently bars

defendant from all Veterans Affairs ("VA") facilities in the State of New York and precludes

defendant from maintaining, owning, or possessing any type of weapon.

For the following reasons, the Judgment is MODIFIED in accordance with this Opinion

and Order.

**BACKGROUND**

Defendant, a U.S. Army veteran and New Jersey resident, worked as an Advance

Medical Support Assistant at the VA Castle Point Campus in Wappingers Falls, New York ("VA

Castle Point"). VA Castle Point is part of the VA Hudson Valley Health Care System.

On November 23, 2018, as defendant arrived at VA Castle Point, he was pulled over by a

police officer, who asked defendant if he had a gun in his car. The officer explained that one of

defendant's colleagues had accused defendant of threatening to shoot someone at the VA.

Defendant admitted to having a stun gun in his car. As a result, defendant was charged in a

federal criminal complaint with unlawful possession of a weapon in the fourth degree, in

violation of N.Y. Penal Law § 265.01(1),[1] and possession of a dangerous weapon in a federal

facility, in violation of 18 U.S.C. § 930(a).  Both offenses are misdemeanors.  On January 25,

2019, defendant pleaded not guilty to the charged offenses, and on February 28, 2019, the

government voluntarily dismissed the Section 930(a) charge.

On August 5, 2019, defendant and the government appeared before Judge Goldberg and

presented a plea offer, pursuant to which defendant would "plead guilty to one count of

disorderly conduct with . . . a $500 fine, [and] 50 hours of community service," would "not

purchase or possess weapons in the State of New York," and would not frequent or seek medical

treatment at any of the "Hudson Valley VA properties," including VA Castle Point, a VA facility

in Montrose, New York, and any VA community outpatient clinics.  (Doc. #19 ("Sussman

Decl.") Ex. 15 ("Plea Tr.") at 2–3).

After Judge Goldberg accepted defendant's guilty plea, he sentenced defendant to a

conditional discharge for the duration of six months and comprising the following conditions:

> The conditions will be that you complete 50 hours of community service, and you
> provide to the Court and to the Government through your attorney proof that you've
> attended and successfully completed those 50 hours.  That you be permanently
> banned from all Veterans Administration facilities in the State of New York
> consisting of Montrose[,] Castle Point[,] and any and all other off-campus or on-
> campus veterans facilities.  That you be fined $100 . . . .  I'll give you until
> September 25th to pay that $100 fine.  If it's not paid by that date, I want you back
> here on the 26th of September.  Hang on a minute.  I'm not done.
>
> That you currently will be banned from maintaining, owning, [or] possessing any
> type of weapon and that you refrain from going to the State of New Jersey where

---

[1]     Defendant was charged federally for a violation of state law because VA Castle Point is
within the special maritime and territorial jurisdiction of the United States.  See 18 U.S.C. § 7(3)
("The term 'special maritime and territorial jurisdiction of the United States,' as used in this title,
includes . . . [a]ny lands reserved or acquired for the use of the United States, and under the
exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the
United States by consent of the legislature of the State in which the same shall be, for the
erection of a fort, magazine, arsenal, dockyard, or other needful building."); see also 18 U.S.C. §
13 (adopting state law for areas within federal jurisdiction and authorizing federal prosecution
for violations of same).

your license—where your weapons have been surrendered to until further order of this Court.  That you are to continue in and if you're not in, that you are to enroll in counseling and to provide to the Government and to the Court through your attorney progress report[s] as to your continuation in that counseling.

(Tr. at 14–15).

By letter dated November 18, 2019, defense counsel requested that Judge Goldberg vacate the sentencing order inasmuch as it (i) bans defendant from possessing weapons in New Jersey, and (ii) precludes defendant from seeking treatment at any VA facility in the State of New York, rather than just "Hudson Valley VA properties."  (See Plea Tr. at 2–3).

In support of this application, counsel first explained that "based upon [the] court's sentence, [the State of New Jersey] intends to destroy [defendant's] lawfully possessed weapons which its agents seized as a consequence" of the government having notified state and local authorities of the charges brought against defendant in November 2018.  (Sussman Decl. Ex. 17 at 2).  Counsel further noted:  "I am not requesting that the Court relieve [defendant] of the restriction against bringing weapons into New York State; however, I do not believe the court should attempt to control [defendant's] right to bear arms in his home state, a matter governed by state law."  (Id.).

Second, counsel explained that because defendant "has long been treated for service-related injuries, barring him from [other New York] VA facilities which he used is a sanction which also should be vacated."  (Sussman Decl. Ex. 17 at 2).  Counsel noted "the government did not seek this sanction," which deprives defendant "of services . . . he needs and access to physicians with whom he has longstanding relations."  (Id.).  Thus, defendant asked the court to narrow the geographic scope and the duration of the VA facility prohibition.

On December 9, 2019, Judge Goldberg declined to alter the sentence as imposed.

On January 24, 2020, defendant and the government again appeared before Judge Goldberg, and confirmed defendant had complied with the terms of his conditional discharge. On February 10, 2020, Judge Goldberg executed the Judgment, which, among other things: (i) "permanently ban[s defendant] from all Veterans Administration facilities in the State of New York consisting of the Montrose VA, and the Castle Point VA, and any and all other off-campus or on-campus Veterans facilities"; and (ii) "ban[s defendant] from maintaining, owning, and/or possessing any type of Weapon(s)," and instructs defendant to "refrain from obtaining already surrendered weapons in the state of New Jersey." (Doc. #14).

The Judgment was entered on February 11, 2020, and on February 20, 2020, defendant timely appealed same.

## DISCUSSION

Defendant argues the Judgment's permanent ban on his ability to maintain, own, or possess weapons is excessive, an unjustified imposition on his constitutional rights, and demonstrates an abuse of sentencing discretion. Similarly, defendant further argues the Judgment is excessive and demonstrates an abuse of discretion because it permanently prohibits defendant from frequenting any VA facilities in the State of New York outside the Hudson Valley region.

The government agrees the Judgment should be modified to reflect the relief defendant seeks. Specifically, the government states "neither [permanent] restriction is appropriate <u>at all</u>" because defendant "successfully completed his period of conditional discharge." (Doc. #23 at 7 n.7). Accordingly, the government recommends the Court modify the Judgment to indicate the terms of defendant's conditional discharge "expired at the conclusion of [the] term of conditional discharge." (<u>Id</u>. at 7). Moreover, the government argues proper modification of the duration of the terms of conditional discharge listed in the Judgment would render unnecessary a more

fulsome determination of defendant's claims on appeal, for example, whether the condition

prohibiting defendant from visiting any VA establishment in New York State—as opposed to

only those in the Hudson Valley—was proper.

The Court agrees with the government.

A.      Legal Standard

"In an appeal from a magistrate judge's judgment of conviction, '[t]he scope of the

appeal is the same as in an appeal to the court of appeals from a judgment entered by a district

judge.'" United States v. Radin, 2018 WL 1384514, at *3 (S.D.N.Y. Mar. 18, 2018) (quoting

Fed. R. Crim. P. 58(g)(2)(D)).  Accordingly, "the Court reviews questions of law de novo and

accepts the magistrate's judge's factual determinations unless they are clearly erroneous."  Id.

Generally, in a case such as this, when a defendant is convicted of a state law offense

pursuant to 18 U.S.C. § 13, "the federal [court is] bound to apply state law in [its] determination

of the applicable . . . sentence."  United States v. Vaughan, 682 F.2d 290, 294 (2d Cir. 1982).

Under New York law, a court:

> may impose a sentence of conditional discharge for an offense if the court, having
> regard to the nature and circumstances of the offense and to the history, character
> and condition of the defendant, is of the opinion that neither the public interest nor
> the ends of justice would be served by a sentence of imprisonment and that
> probation supervision is not appropriate.

N.Y. Penal Law § 65.05(1).  "[W]hen the court imposes a sentence of conditional discharge[,]

the defendant shall be released with respect to the conviction for which the sentence is imposed

without imprisonment or probation supervision but subject, during the period of conditional

discharge, to such conditions as the court may 'determine.'"  Vega v. Schneiderman, 2014 WL

1100208, at *4 (S.D.N.Y. Feb. 24, 2014) (quoting N.Y. Penal Law § 65.05(2)) (emphasis in

original).

When the case involves a misdemeanor or a violation, the allowable period of conditional discharge is one year, which may be "terminated sooner in accordance with the criminal procedure law." N.Y. Penal Law § 65.05(3)(b). Accordingly, the conditions associated with a conditional discharge may not "exceed[] the statutory maximum." See People v. Pabon, 119 A.D.2d 446, 446 (1st Dep't 1986) (holding the "sentence of a conditional discharge on condition that defendant never apply for a driver's license during his natural life . . . clearly exceeded the statutory maximum of one year"); see also Vega v. Schneiderman, 2014 WL 1100208, at *4 (holding the "imposition of two-year order of protection was erroneous because it exceeded the maximum statutory one-year term of conditional discharge sentence permitted in the case of a misdemeanor or a violation conviction").

When a sentence of conditional discharge exceeds the allowable statutory maximum, it may be "modif[ied] accordingly." People v. Pabon, 118 A.D.2d at 446.

B.     Application

Here, the magistrate judge imposed a sentence of conditional discharge with a duration of six months. The court was authorized to direct defendant to comply with certain conditions only "during the period of conditional discharge." Vega v. Schneiderman, 2014 WL 1100208, at *4 (quoting N.Y. Penal Law § 65.05(2)). In other words, because the magistrate judge imposed a six-month conditional discharge, the time period for which the court could have imposed conditions on defendant was August 5, 2019—the date the sentence was imposed—through February 4, 2020—six months following the imposition of the sentence.

But the court did more than that. First, it permanently banned defendant from maintaining, owning, or possessing weapons, and commanded defendant to refrain from obtaining his already surrendered weapons in the State of New Jersey. And second, the court permanently banned defendant from frequenting any VA facility in the State of New York.

6

These prohibitions exceed the statutory maximum of one year allowed for a term of conditional discharge, and, in addition, exceed the duration of the six-month conditional discharge imposed by the court on August 5, 2019.  Thus, the magistrate judge erred in imposing the above-referenced permanent conditions and including same in the Judgment.

Accordingly, the Judgment shall be modified to make clear that the conditions imposed on defendant were imposed only for the period of conditional discharge—from August 5, 2019, through and including February 4, 2020.

## CONCLUSION

The Judgment of conviction dated February 10, 2020, is hereby MODIFIED to make clear that the delineated conditions therein apply only to the period of conditional discharge, August 5, 2019, through and including February 4, 2020.

The Clerk is instructed to close this case.

Dated: September 8, 2020
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge